1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO

3   HARRY MARTELL-RODRÍGUEZ,

4       Plaintiff,

5       v.                                          Civil No. 09-1576 (JAF)

6   CARLOS GONZÁLEZ-ROSARIO, HÉCTOR
7   LUGO-CRUZ, CARLOS MOLINA-
8   RODRÍGUEZ, NARCISCO DE-JESÚS-
9   CARDONA, VICENTE FIGUEROA,

10      Defendants.

11

12                          **O R D E R**

13      Plaintiff, Harry Martell-Rodríguez, pro se and authorized to proceed in forma pauperis

14   (see Docket No. 5), brings this action against Defendants, Carlos González-Rosario, Héctor

15   Lugo-Cruz, Carlos Molina-Rodríguez, Narcisco de-Jesús-Cardona, and Vicente Figueroa,

16   employees of the Puerto Rico Administration of Corrections ("AOC"), in their personal

17   capacities, for violation of 42 U.S.C. § 1983. (Docket No. 3.)  Defendants Molina-Rodríguez,

18   Lugo-Cruz, and Figueroa move to dismiss under Federal Rule of Civil Procedure 12(b)(5) or,

19   in the alternative, to quash service of process, claiming that service of process against them was

20   insufficient under Rule 4(e), as it failed to meet the strictures of either Rule 4 or the Puerto Rico

21   rule for personal service, 32 L.P.R.A. app. III, R. 4.4 (2000).  (Docket No. 12.)  Defendant de-

22   Jesús-Cardona separately moves to quash, claiming the same.  (Docket No. 14.)  We address

23   each motion in turn.

Civil No. 09-1576 (JAF)                                                                        -2-

1        Defendants Molina-Rodríguez, Lugo-Cruz, and Figueroa argue insufficiency in that the

2    process server, the U.S. Marshals Service (see Docket No. 8 (directing U.S. Marshals Service

3    to serve process)), failed to complete the server's affidavits attached to their summons. (Docket

4    No. 12 at 4.)   But completion of the affidavit is not required when a U.S. Marshal serves

5    process.  See Fed. R. Civ. P. 4 (*l*)(1) ("Except for service by a United States marshal or deputy

6    marshal, proof must be by the server's affidavit." (emphasis added)).  We, thus, reject Molina-

7    Rodríguez, Lugo-Cruz, and Figueroa's argument that service of process against them was

8    insufficient, and we note that the information they find missing from their summons (Docket

9    No. 12 at 4) is available on the process receipt and return filed for each (Docket Nos. 10

10   (Molina-Rodríguez); 13 at 2 (Figueroa); id. at 3 (Lugo-Cruz)).

11       Defendant de-Jesús-Cardona argues insufficiency in that the process server left his

12   summons at his place of employment with a codefendant, AOC Superintendent González-

13   Rosario, instead of serving either him or an agent authorized by him or by law.  (Docket No. 14

14   at 2; see also Docket No. 13 at 1 (process receipt and return showing that de-Jesús-Cardona's

15   summons was left with González-Rosario).)  We agree with de-Jesús-Cardona that federal Rule

16   4 and Puerto Rico Rule 4.4 required that the summons and complaint, if delivered to his place

17   of employment, be delivered to either him or his authorized agent.  See Fed. R. Civ. P. 4(e)(2);

18    32 L.P.R.A. app. III, R. 4.4(a).  De-Jesús-Cardona avers that González-Rosario is not his agent

19   (Docket No. 14 at 2), which suffices to rebut the presumption of proper service created by the

20   return of service.  See Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008) (citing

21   unpublished Fifth Circuit opinion for the proposition that a defendant's averment is sufficient

Civil No. 09-1576 (JAF)                                                                          -3-

1    to refute the agency relationship).   Plaintiff has neither responded to de-Jesús-Cardona's

2    argument nor, as required, adduced evidence showing that service was proper, see id., and we,

3    thus, find that service of process against de-Jesús-Cardona was insufficient in this case.

4         For the reasons stated herein, we hereby **DENY** Molina-Rodríguez, Lugo-Cruz, and

5    Figueroa's motion to dismiss or, in the alternative, to quash service of process (Docket No. 12).

6    We **GRANT** de-Jesús-Cardona's motion to quash service of process (Docket No. 14) and

7    instruct the U.S. Marshals Service to perfect service against de-Jesús-Cardona **on or before**

8    **February 26, 2010**.

9         **IT IS SO ORDERED.**

10        San Juan, Puerto Rico, this 4th day of February, 2010.

11                                              s/ José Antonio Fusté
12                                              JOSE ANTONIO FUSTE
13                                              Chief U.S. District Judge