UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

HARRY MARTELL-RODRIGUEZ,

    Plaintiff,

v.

CARLOS GONZALEZ-ROSARIO,
HECTOR LUGO-CRUZ,
CARLOS MOLINA-RODRIGUEZ,
NARCISO DE JESUS–CARDONA,
VICENTE FIGUEROA,

    Defendants.

Civil No. 09-1576 (JAF)

**O R D E R**

Plaintiff sues pro se under 42 U.S.C. § 1983 for violations of his rights under federal law as to the conditions of his confinement. (Docket Nos. 3 (complaint); 19 (translation of complaint).) Specifically, he complains that on January 7, 2009, Defendants locked down the entire population of his penal institution for a period of twenty-four hours, without adequate cause and in violation of its disciplinary rules.[1] (See Docket Nos. 19; 19-1.) He notes that during that time, the inmates were denied access to "freedom of religion, library and recreation." (Docket No. 19-1 at 1.) Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 18), and Plaintiff does not oppose.

A defendant may move to dismiss an action, based solely on the complaint, for a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[1] Plaintiff also claims that such "capricious" lock downs have occurred "countless times" at his penal institution. (Docket No. 19 at 2.)

Civil No. 09-1576 (JAF) -2-

In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

Defendants argue, among other things, that Plaintiff cannot obtain relief under § 1983, due to his failure to allege a physical injury as required under 42 U.S.C. § 1997e(e). (Docket No. 18 at 7.) Section 1997e(e) provides that a prisoner may not bring a federal civil suit for compensatory damages for mental or emotional injuries suffered while incarcerated without also establishing physical injury. See, e.g., Mitchell v. Horn, 318 F.3d 523, 533-34 (3d Cir. 2003) (describing scope of § 1997e(e)). Plaintiff here claims compensatory damages for "intense moral suffering, deep mental agony and . . . [feeling] his mood depressed and his spirit troubled." (Docket No. 19 at 2.) His complaint contains no allegation of physical injury. (See Docket Nos. 3; 19.) Nor does Plaintiff seek injunctive or declaratory relief. (See id.)

To the extent Plaintiff may, nevertheless, claim nominal damages for violations of his constitutional rights, see Mitchell, 318 F.3d at 533, we note that the alleged conduct does not reach the level of an unconstitutional deprivation, see, e.g., Hudson v. McMillian, 503 U.S. 1, 9 (1992) (finding only "extreme deprivations" render conditions of confinement unconstitutional), cited in Figueroa v. Dinitto, No. 02-1428, 2002 WL 31750158, at *1 (1st Cir. Dec. 9, 2002) (finding that nearly constant confinement to cell, without access to recreation or programs, was not extreme deprivation); see also Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (instructing courts to afford prison administrators "appropriate deference and flexibility" in managing prison environment).

Civil No. 09-1576 (JAF) -3-

Given the foregoing, we conclude that Plaintiff has failed to state a claim under § 1983. We, therefore, hereby **GRANT** Defendants' motion for dismissal as to Plaintiff's federal claims (Docket No. 18). We **DENY** supplemental jurisdiction over any potential claims arising under Puerto Rico law (see Docket No. 19-1 at 1), and **DISMISS** Plaintiff's complaint in its entirety.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of July, 2010.

                                                  s/José Antonio Fusté
                                                  JOSE ANTONIO FUSTE
                                                  Chief U.S. District Judge